DANAHY, Acting Chief Judge.
After the appellant was found guilty on eight counts of burglary and five counts of grand theft, an order was entered requiring him to pay restitution in the amount of $12,-282.
On this appeal the appellant does not challenge the amount of the restitution, but he objects to the finding in the restitution order that the appellant owes the restitution amount to the victims of one of the burglaries “and/or Crimes Compensation Fund.” The order directs the appellant to pay the sum of $12,280 to the named victims or to the Crimes Compensation Fund.
We agree with the appellant that the trial court erred in directing payment to the Crimes Compensation Fund even though the order is in the disjunctive. Unquestionably the restitution ordered in this case was to pay burglary victims the value of the items taken in the burglary. There was no injury to a victim involved here.
Under the provisions of sections 960.01-.28 (Fla.Stat.1993), called the “Florida Crimes Compensation Act,” a crimes compensation fund is established to receive payments of moneys for the purpose of compensating the victims of crime. Such moneys include moneys recovered through restitution. The word “victim” is defined as any person who suffers personal physical injury or death as a direct result of a crime.
Clearly, this appellant is not required to pay restitution to the Crimes Compensation Fund. The state argues that, therefore, the reference in the restitution order to the Crimes Compensation Fund is harmless sur-plusage. We do not agree; there should be no doubt at any time in the future as to whether the appellant owes any restitution to the Crimes Compensation Fund. He does not. Rather, he owes restitution to the victims of his burglary.
For the foregoing reasons we strike from the restitution order the words “Crimes Compensation Fund.”
SCHOONOVER and ALTENBERND, JJ., concur.